Moncure, P.,
delivered the opinion of the court.
This is a writ of error and supersedeas to a judgment of the circuit court of Augusta county, rendered on the 7th day of June, 1876, on a motion made in said court by the Valley Railroad Company against Alexander H. H. Stuart. The motion was founded on a notice from the plaintiff to the defendant, that the former would “move said court for a judgment against the latter for the sum of $300, with interest on $150, part thereof, from the 1st day of October, 1871, and ou $150, the residue thereof, from the 3d day of November, 1873, till paid; being the amount of the 1st and 2d quotas of 30 per cent, on five shares of stock iu said company called for by the orders of the board of directors of said company.” Legal service of the said notice having been duly proved, and the motion having been docketed, on the 6th day of March, 1874, the defendant plead nil debet to the motion, to which plea the plaintiff replied generally, and issue was thereon joined, which was the only issue in the ease. On the same day the defendant appeared in the said court, and made oath that he had substantial matters of defence to the motion, consisting in this:
*149 “1st. That the alleged subscription upon which said proceeding is had was a mere executory proposal, without consideration, to become a subscriber to the stock of plaintiff, and that he never did become in fact a subscriber to the stock of the plaintiff.
*• “ 2d, That said alleged subscription is without legal validity; was taken by persons and in a manner not authorized by law; was never completed according to law, and that defendant never became liable to statutory proceeding by motion for quotas thereon.
“3d. That said proposal to subscribe was formally revoked by defendant, with the consent of the parties to whom it was made, before the legal organization of the company, here plaintiff, and when he had the right so to revoke it..
“4th. That the company, plaintiff upon its legal organization, accepted and acted upon the said revocation of the defendant’s proposal, and distinctly refused to receive such proposal as a legal subscription, or to treat defendant as a subscriber to its stock, as he believes will appear from their records.
“And the defendant calls for the production upon the trial of a letter addressed by him to Jed. Hotchkiss, the Secretary of the Valley Railroad Company, recalling his said proposal to subscribe, as a writing material to his defence and in its possession.
“ And he also calls for the production of the records of the plaintiff, and particularly of the minutes of the proceedings had at its legal organization in June, 'J 871, showing what persons were admitted to be and received and treated as subscribers to its stock.”
On a subsequent day, to wit: On the 6th day of November, 1875, an affidavit of Thomas D. Ranson, counsel for the plaintiff in the said motion of “ The Valley Railroad Company v. A. H. H. Stuart, for 1st and 2d quotas on five shares of stock, and in another motion of same v. *150 same for subsequent quotas on same, appears to have been taken and filed by the defendant in the said cases, which is as follows :
“This day appeared Thomas D. Hanson, and made oath that there are, as he verily believes, books and WIvpingS jn ^he possession of the plaintiff in said motion, containing material evidence for the said defendant, as follows:
“ 1st. The proceedings of the stockholders of the Valley Railroad Company, at meetings held on the morning and evening of the 13th of June, 1871, recorded in the minute book of said plaintiff.
“ 2d. The certificate of 1ST. K. Trout, M. G. Harman, and George Baylor, the commissioners named in the charter of said plaintiff, showing the subscriptions made to the capital stock of the company, according to the charter; which certificate bears date June 8th, 1871, and which is also reported in the minute book of said company, or the original of which is in its possession.
“3d. The proceedings of the stockholders of the Valley Railroad Company, at meetings held on the 28th of June, 1871, recorded in said minute book.
“ 4th. The proceedings of the stockholders of said company, at a meeting held on the 30th of August, 1870, recorded in said minute book.
“ 5th. The proceedings of the directors of the Valley Railroad Company, at a meeting held on the 31st of August, 1870, recorded in said minute book.
“ This affidavit is made for the purpose of procuring a summons to require the production of such writings or true copies thereof, or of such parts of said minute book as contain the proceedings aforesaid.”
On the 17th day of January, 1876, the deposition of Alex. TI. H. Stuart, taken' to be read as evidence in behalf of the defendant in the said two motions, was filed among the papers of the same. In that deposition, being *151 asked to state any fact within his recollection connected J . with his alleged subscription to the capital stock of the "Valley Railroad Company, for quotas claimed on these two motions are pending, the witness answered, among other things, as follows, to wit:
“ To the best of my recollection, the facts connected with my subscription to the Valley railroad are as follows: When the books were originally opened, it was understood that it was necessary to have a given amount subscribed to avoid a forfeiture of the charter. To prevent the forfeiture, many gentlemen became subscribers for large amounts, and I, on behalf of my brother G. B. Stuart and myself, constituting the firm of Gr. B. Stuart & Co., subscribed for 40 shares.
“Subsequently Maj. Jed. Hotchkiss, Secretary of the V. R. R. Company, notified G. B. Stuart & Co. that there was some illegality in their subscription, and that, if they desired to hold the stock, they must resubscribe and pay $2 per share; but that if they desired to withdraw, they could do so. The notice was in print and in writing, and is hereto annexed, marked S and C. Thereupon G. B. Stuart & Co. declined to renew their subscription.
“ At a later period (precise date not recollected) I, in my individual capacity, subscribed for five shares, but for reasons which were satisfactory to me, I became distrustful of the enterprise and regretted that I had subscribed. Shortly afterwards I received a note from Mr. Hotchkiss, secretary of the company, that there was an informality which vitiated the subscription, and requesting me to notify him whether I was willing or not to resubscribe. To the best of my recollection, he added, that if I did not wish to hold the stock, it would make no difference, as there was a gentleman (I think he named one of the Messrs. Harman) who would take my stock. I immediately replied in writing, that I declined to renew my subscription. From that time I heard nothing more of it *152 until a short time before the notice was issued against me. ° I have never paid, or been called on to pay, the $2 per -share, nor was I in any way treated as a subscriber,” &0. Exhibit S and C, referred to in the said deposition, was returned (herewith, and is to the effect men£jone(] therein.
On the 7th day of June, 1876, the said issue was tried by a jury, and a verdict and judgment was rendered for the plaintiff for the principal and interest claimed in the notice, and judgment was also given for the plaintiffs’ costs.
On the trial of the motion seven bills of exception were taken by the defendant to rulings of the circuit court against him.
To the said judgment of the circuit court the defendant applied to this court for a writ of error and supersedeas, which was accordingly awarded by a judge of this court; the errors assigned in the petition therefor being the several rulings of the said circuit court in said bills of •exceptions mentioned.
The first question arising in this case is presented by a motion made by the defendant in error here, the plaintiff in the court below, to dismsss the.writ of error and supersedeas for want of jurisdiction.
The objection taken to the jurisdiction is, that the matters in ^controversy in this case is merely pecuniary, and is less in value or amount than five hundred dollars.
It is true that the matter in controversy in the case, is merely pecuniary.
But is it true, that the said matter is less in value or amount than five hundred dollars?
The court is of opinion that such is not the truth. The controversy in the case is not confined to the sums of money and interest for which the judgment was recovered, being the amount of the first and second quotas of thirty per cent, on five shares of stock in the Valley Railroad *153 Company called for by the orders of the board of direetors of said company, but involved the validity of the subscription by the said plaintiff in error, for the of the said five shares, the amount of which was $500. This appears from the express language of the notice upon the subsequent proceedings in the case. Many cases are referred to on this subject by the counsel on both sides in their printed arguments in this case, but itj_is unnecessary to repeat or comment on them here, as the constitution and the statute law of the state on the subject are sufficiently plain. See the constitution, article VI, sec. 2, Code of 1873, page 84 ; and the statute laws, Code, pages 1136, 1137, §3.
The other questions arising in the case are presented by the assignments of error in the petition founded on the several rulings of the said circuit court in said bills of exceptions mentioned, which are seven in number, and will now be considered in the order in which they were taken.
1. The first of said exceptions was, to the opinion of said court overruling the motion of the defendant for quashing the notice of this motion as insufficient in law, in that it fails sufficiently to allege and describe a contract of subscription by the defendant, the said court being of opinion that the said notice is sufficient.
This court is of opinion that there is no error in the said ruling of the said circuit court, and that this is sufficiently manifest from the record itself, without assigning any other reason or referring to any other authority.
2. It is stated in the second of said bill, that after the jury were sworn to try the issue joined upon this motion, the plaintiff, to sustain the said issue on his part, offered to give in evidence to the jury a paper writing in these words and figures following, to wit:
*154 “Subscription to the stock of the Valley Railroad Company.
“ Whereas, the county of Augusta, in her corporate capacity, has declined to subscribe the sum of $300,000 to the Valley railroad, and whereas, it appears evident that unless the said amount of subscription be obtained from some reliable source, the construction of the road will have to be abandoned : Therefore, we, the subscribers, citizens of Augusta county, hereby promise and bind ourselves, our heirs, &c., to take the number of shares opposite our names of the stock of the Valley Railroad Company, at $100 per share, and pay 30 per cent, of the sum as soon as called upon after the 1st day of October, 1870, and the remainder in instalments of one. and two years. Witness our hands. August, 1870.”
Then follow the names of subscribers with the number of shares subscribed for by them respectively, in which list of names is included that of “ Alex. H. H. Stuart,” with the number “of “five shares” opposite his name. Then follows the following:

“Rndorrsement.

“ Office Valley Railroad Company, “Staunton, Va., August 13th, 1870.
“Dear Sir—If $200,000 of reliable private subscription can be obtained to the stock of Valley Railroad Company on the terms of the enclosed subscription paper, it will insure the construction of the road. You are respectfully and earnestly requested to subscribe yourself and get others to subscribe as much as possible, aud return the paper to this office before the 1st day of September proximo. The success of this subscription is of the utmost importance.
“By order of the Board.
“ Jed Hotchkiss, Secretary.”
*155 Whereupon, the defendant, by counsel, excepted to the introduction of said paper as evidence before the jury, upon the ground that it is not the best and the per evidence of a subscription by the defendant to the capital stock of the plaintiff as a chartered company, and that it is incumbent on said plaintiff, in support of motion, to show that defendant became a subscriber upon the books of subscription opened by the commissioners named in its charter.
But the plaintiff’s counsel having stated that he intended to show that the amount so subscribed was duly entered in the stock lists and stock ledger of the company, the court decided that the evidence so offered by the plaintiff was admissible as evidence of a subscription by the defendant to said stock, and the same was accordingly admitted to the jury.
To which opinion of the court the defendant excepted, &e.
This court is of opinion that there is no error in the judgment of the circuit court in this respect. The evidence so offered by the plaintiff was admissible evidence of a subscription by the defendant for five shares of the stock of said company, taken in connection with evidence intended to be introduced by the plaintiff to show that the amount so subscribed was duly entered in the stock lists and stock ledger of the company.
3. It is stated in the third bill of exceptions that upon the trial of the issue joined in this motion, the plaintiff, to maintain said issue on its part, offered to give in evidence to the jury a stock ledger and a shareholders’ list kept by the plaintiff, and a memorandum book, containing entries made by William H. Tams, deceased, each including, among others, the name of the defendant and the figure 5 opposite thereto, showing the number of 'shares subscribed; which memorandum book was shown to have been prepared by said Tams, as a sub-agent of Col. W. *156 Allen, who was appointed by a resolution of date August 1st, 1871, a committee to collect quotas due from subscribers in said company, and the said stock ledger and shareholders’ lists were shown to have been subsequently compiled therefrom and from many original subscription lists similar to that set forth in bill of exceptions No. 2; said Tams’ memorandum book, containing lists of subscribers to said stock and the amounts subscribed by them, respectively, including defendant’s, together with the original subscription lists, having been placed in the hands of Sheffey & Bumgardner, as counsel for plaintiff, subsequently to August 1st, 1871, for collection of quotas thereon, and under whose direction said office stock lists were duly made out, and the entries in the stock ledger were made by the clerk of the company.
Whereupon the defendant, by counsel, offered to prove that before said ledger, list and memoranda were in existence, the said defendant, by withdrawal of his proposal to subscribe—accepted and acted upon by the plaintiff— ceased to occupy any relation of contract or subscription to the plaintiff, and insisted that the same was not admissible in evidence against him.
But the court, being of opinion that the said memorandum lists, taken in connection with the said original subscription lists, tended to prove that the plaintiff relied on said subscriptions, and acted upon them; and not being of opinion that they should be excluded from the jury upon a mere intimation of rebutting evidence by the defendant, overruled the said objection, and admitted the said ledger, list and memoranda to go in evidence before the jury.
To which opinion of the court the defendant excepted, &c.
This court is of opinion that there is no error in the judgment of the circuit court in this respect. The said ledger, list and memoranda, taken in connection with the *157 said original subscription list, certainly tended to prove that the plaintiff relied on said subscription, and acted upon them, and they certainly should not have heen eluded from the jury upon a mere intimation of rebutting evidence by the defendant. The circuit court, therefore, did not err in overruling the said objection and the said ledger, list and memoranda to go in evidence before the jury; which evidence would have been considered by the jury in connection with any legal rebutting evidence that might have been introduced by the defendant.
4. It is stated in the fourth bill of exceptions, that upon the trial of this motion, the defendant, to maintain the issue on his part, offered to give in evidence to the jury the written statement of an absent witness, G. C. Jackson, which statement was, by consent of counsel before the jury were sworn, agreed to be received in lieu of the oral testimony under oath, subject to proper exceptions as to the substance thereof, which statement is in the words and figures following, to wit:
“ Statement of G. C. Jaelcson.
“ I hereby state that George E. Price and myself were appointed commissioners to solicit subscriptions in the two wards of the city of Staunton, for the Valley Railroad Company, by a meeting held some time during the summer of 1871. I was instructed to renew the old subscriptions and to solicit new subseriptions. In accordance with my instructions I approached Dr. William McChesney and urged upon him the importance of renewing his subscription, and also of making some additional subscription. He declined to make any additional subscription, and told me that he had instructed Mr. W. A. Burké, a director in the road, to have his name stricken from the roll of subscribers, and he did not feel bound by the old subscription list and would not pay it. I also had a conversation with Col. Baldwin about the time, in which he declined *158 to reuew ^'ls subscription, and denied the validity of the old subscription. A written report was made to the com-by us as commissioners, to the best of my reeollectjon_ j ¿q n0¡; remember any subscription by A. H. H. Stuart or the payment of any per centum by him or Dr. j,j[cQjjesney-
“ Geo. C. Jackson.
“ N. B.—I also know that either Mr. Price or myself interviewed Mr. Stuart, and he declined to renew his subscription.
“ Geo. C. Jackson.”
To the admission of which testimony the plaintiff excepted, upon the ground that the same was irrelevant and hearsay testimony; and upon the further ground that there was no evidence to prove that said Jackson was appointed by the plaintiff to act as commissioner, or was clothed with power to relieve any subscriber to the stock of the company from his obligations as such subscriber; and the court decided to exclude the same from going to the jury.
To which opinion of the court the defendant excepted, &c.
This court is of opinion that the circuit court did not err in excluding the said testimony, which was inadmissiupon the grounds above stated.
5. It is stated in the fifth bill of exceptions, that after the jury was sworn to try the issue joined in this cause, the defendant, to maintain the said issue on his part, offered to give in evidence to the jury certain extracts from the minutes of the proceedings of said plaintiff, called for by the affidavit filed and summons issued thereon, as tending in connection with oral testimony to be offered, to show that the defendant never became a legal subscriber to the capital stock of the plaintiff1; that his *159 proposal to become a subscriber was revoked by him with , r „ , . , , the consent or those to whom it was made previous to the legal organization of the plaintiff in June, 1871, and the plaintiff, upon its legal organization, refused to receive it as a subscription or treat the defendant as a subscriber to its stock, said extract produced by the being as follows, to-wit:

First.

Valley Railroad meeting, Tuesday, June 13, 1871:
Pursuant to the notice of the commissioners appointed to receive subscription to the stock of the Valley Railroad Company, a meeting was held in the courthouse, on Tuesday last.
On motion of Col. M. G. Harman, Major William M. Tate was called to the chair.
On motion of Judge H. W. Sheffey, the editors present were requested to act as secretaries. Judge Sheffey explained the object of the meeting to be the legal organization of the company, which, from' some informality, had not been legally organized; and moved the appointment of a committee of five to ascertain and report to the meeting the amount of stock absolutely and unconditionally subscribed, so as to properly and legally organize the -company; which was carried; and the chairman appointed the following committee: Judge H. W. Sheffey, Col. M. G. Harman and Major H. M. Bell, of Augusta, and Col. William Allan, of Rockbridge, who retired to perform the duty assigned them. During the retirement of the committee, in response to calls, speeches were made by D. A. Anderson, state senator of Rockbridge; Ex-Governor Letcher and Hon. A. H. H. Stuart—the speeches of the two former being brief, and that of the latter of greater length. These gentlemen set forth, in a favorable manner, the importance of the Valley railroad, and the necessity of raising the required subscriptions to insure its construction. *160 The committee then returned, and reported $100,000 of stock subscribed unconditionally, and the percentage on it paid to the commissioners, being more than was required to legally organize the company.
Gov. Letcher moved an adjournment until 1\ P. M., for the purpose of considering the subscription and ascertaining if the organization of the company or the subscription would be valid.
Gov. Letcher gave way for Col. Allan, who moved that a committee be appointed to prepare business for the meeting to-night; carried. The motion for adjournment was-then insisted on, and carried.

Evening Session.

The meeting met in the evening pursuant to adjournment. The chairman who pi’esided in the morning being absent, on motion of Col. William Allan, Major N. K. Trout was called to the chair.
Col. M. G. Harman read a dispatch received from Botetourt, assuring the meeting that that county would subscribe $25,000.
Col. Allan stated the amount which each county was expected to raise to make up the required subscription of $220,000, assigning to Botetourt $25,000; to Augusta, $75,000; to Rockbridge, $100,000, and to Roanoke, $20,000.
On motion of Judge Sheffey, it was resolved as the sense of the meeting that the friends of the railroad in the counties interested should renew their efforts to secure the subscriptions required.
Mr. Charles A. Davidson, of Rockbridge, desired to know how much could certainly be depended upon from Augusta. Mr. Wiliam A. Anderson, of Rockbridge, stated that Rockbridge county would vote an additional subscription of $100,000, if it could be assured that that would insure the construction of the road. Col. Harman *161 expressed the belief that $75,000 could be raised in Au- gep®g^ir gusta county, if the proper efforts were made. To effect Term. that purpose, he moved that the chair appoint three men-in each township in the county and in each ward in Staun- Stuart ton to canvass for subscription; this motion being adopted, Valley in accordance therewith, the chair appointed the follow-R‘Co‘ ing:
(Here follow the names of the men so appointed).
On motion, the meeting adjourned.
1ST. K. Trout, Chairman.

J. D. Morrison,

W. H. E. Lynn,

8. M. Yost,

JR. Mauzy,

Secretaries.

Commissioners’ Notice.

It appearing to the undersigned commissioners, at the place first named in the charter of the Valley Railroad Company, that enough of the capital stock of said company has been subscribed to incorporate the subscribers, notice is hereby given thereof, and a general meeting of said subscribers is hereby called to assemble at the office of the Valley Railroad Company, in the city of Staunton, on Wednesday, the 28th day of June, 1871, for the purpose prescribed by law for the permanent organization of said •company.
(Here follow the names of the three commissioners).
The foregoing is a correct copy of the proceedings of the Valley Railroad Company, from its first meeting to the 8th of June, 1871, taken from the original record book •of the company.
Wm. H. Garber,

Clerk of the Y. Ii. JR. Company.

April 21st, 1874.

*162
Second.

Staunton, June 8th, 1871.
undersigned, commissioners, report that, in pursuanee of public notice through the newspapers, they this 8th day of June, 1871, opened the books of subscription to the capital stock of the Valley Railroad Company, according to its charter; whereupon the following subscriptions then and since were taken and received by us, and that the payment of two dollars on each share has been duly made—that is to say:
(Here follow the names of the individual subscribers, and the number of shares taken by them respectively), amounting in all to - - - - 51 shares.
In this list of subscribers, the name of A. H. II. Stuart does not appear.
Robert Garret, for Baltimore and Ohio
Railroad Company, - 1,000 shares. City of Staunton, by William J. Nelson, agent, as áuthorized by the ordinance of said city, - 1,000 shares.
Total, two thousand and fifty-one shares, - 2,051 shares.
Nicho. K. Trout,
M. G. Harman, George Baylor,

Commissioners.

June 28th, 1871.

Third.

Staunton, June 28th, 1871.
At a meeting this day, held, according to a notice published by the commissioners, to receive subscriptions to the stock of the Valley railroad, for the purposes set forth *163 m said notice, Hon. David Fultz was called to the chair , _ ' _ . , and George E. Price appointed secretary.
The commissioners made a reportas recorded in preceding pages, announcing the subscription, by various parties, of two thousand and fifty-one shares of stock. Major H. M. Bell moved that the names of the scribers be called, to ascertain if a quorum be present; which being done, a majority of the stock was announced as being represented, either in person or by proxy.
Col. M. G. Harman moved the appointment of a committee to examine proxies. Whereupon, Col. William Allan, B. Christian and G. W. Harnsbrough wereappointed such committee, who made the following report.
The undersigned committee on proxies respectfully report that they have examined the proxies and find 1,000 shares subscribed by the city of Staunton to be represented by George Price, P. H. Trout and Wm. H. Tams, appointed as proxies, by an order of said city council, June 6, 1871, and two shares of Major E. M. McMahon to be represented by Major H. M. Bell.
(Signed) W. Allan,
o B. Christian,
G. W. Harnsbrough.
It appearing from the report of the commissioners for receiving subscriptions of the stock to the Valley Bail-road Company, that the amount of stock duly subscribed, on which two dollars per share have been paid to the commissioners, consist of the following:
(Here follow the names of the stockholders and the number of their shares respectively as aforesaid). In this list the name of A. H. H. Stuart does not occur.
Making in all two thousand and fifty-one shares of stock duly subscribed; and from the report of the committee on *164 proxies and the call of the roll of stockholders, that there are represented in person or by proxy, 1,051 shares in this -meeting, it is therefore ordered to be entered of record on the minutes of this meeting, that the said subscribers, having in all respects conformed to the provisions of the 1 charter of the Valley Railroad Company, and of the laws in such cases provided, will now proceed asa body politic and corporate to act under the charter of said Valley Railroad Company.
After debate in favor of the above by Messrs. Christian, Allan, Hansbrough and others, opposed by Messrs. Sheffey, Tams, Bumgardner and others, the resolution and preamble was adopted.
Upon motion of Col. Harman, it was resolved that J. X). Craig, Samuel H. Bell and John R. Grove be added to the committeee to receive additional subscriptions.
Mr. Tams offered the following:
Resolved, That the Chair appoint a committee of three whose duty it shall be to prepare and report to an adjourned meeting of the stockholders to be held on Saturday next a code of by-laws adapted to the organization of the Valley Railroad Company.
Adopted.
The chair appointed Wm. H. Tams, H. W. Sheffey and Wm. Allan, committee.
Mr. Sheffey offered the following resolution, which was adopted :
Resolved, That the President and Board of Directors be authorized to ratify and accept the subscriptions heretofore made or hereafter made to the stock of the Valley Railroad Company, by the towns and counties in the Valley, upon the terms and conditions upon which such subscriptions were or are to be made.
Whereupon on motion of Mr. Tams, the meeting adjourned to meet on Saturday, next, July 1st, at 11 o’clock.
David Fultz.
Geo. E. Price, Secretary.
*165 But the court having heard all the oral evidence offered ° , # by the defendant, and none of it tending to prove that either the Board of Directors or the stockholders of the Railroad Company had, by their recorded or unrecorded resolutions or actions ordered or authorized the release of the defendant’s liability under his contract of scription, and it being shown by the evidence in respect of the proceedings in June, 1871, in connection with what was called the reorganization of the same, having been formerly organized as far back as 1866 with a President and Board of Directors regularly appointed and acting, M. G. Harman having been the president the company, until August 30th, 1870, when General Robert E. Lee was appointed president, and after the his death Robert Garret was appointed and acted as president; that said proceedings in June, 1871, were had out of abundant caution and to obviate any possible objections to the regularity of the original and formal organization ; and the court being of opinion that there being no evidence to prove that the defendant had at any time been excluded from any meeting of the stockholders said company, or had been refused the privileges of stockholder by said company; that said extracts tendered as evidence, the first being an account of a public meeting at which the defendant himself took a prominent part, would only tend to mislead the jury, excluded the said extract from going to the jury.
To which opinion of the court, excluding the same, [the defendant excepted, &c.
This court is of opinion that the circuit court erred in excluding the said extracts from going to the jury; that they tended to prove and were offered, and were admissible evidence to prove that the defendant was not a stockholder in the Valley Railroad Company, and is not liable for the money and interest recovered against him by the judgment aforesaid, or any part thereof, and that they *166 wou^ no^ have tended to mislead the jury if they had been admitted as evidence, as they ought to have been, the trial of the issue.
6, it js stated in the sixth bill of exceptions that upon the trial of the issue joined upon this motion, the counsel pQr iefen(jant moved the court to instruct the jury as follows, viz:
1st. The jury are instructed that unless they shall believe from the evidence that there was a subscription by defendant, taken according to the statutes regulating the taking of subscriptions to the stock of chartered companies, they must find for the defendant.
2d. The jury are instructed that unless a payment of 2 per eentum upon each share of stock subscribed was made upon the subscription, they must find for the defendant.
3d. If the jury believe from the evidence that the paper produced by the plaintiff, upon which the name of the defendant appears as a subscriber for five shares of the capital stock of the plaintiff was signed before the Valley Eailroad Company was organized, and before the commissioners named in the charter of the Valley Eailroad Company had opened books for subscription to the capital stock of the plaintiff, then there is no binding obligation on the defendant to take said shares, unless he subsequently reaffirmed said subscription after the books of the commissioners were opened, or after the company was organized.
But the court, being of opinion, as to the first instruction, that it was merely abstract, and indicated no facts to be found by the jury under the statute; and as to the second mentioned, the evidence showing that the plaintiff accepted and relied on the defendant’s subscription and his express promise to pay 30 per eent., on request, after October 1, 1870, that the defendant could not evade his said liability by showing a technical non-compliance by himself with the provisions of the statute referred to; and as to the third mentioned, that it was calculated to mislead *167 the jury in two particulars—-first, that as organized August, 1870, the Valley railroad was legally incompetent to accept subscriptions of stock procured by its agents, in the manner shown by the evidence in this case—a proposition the court was not prepared to affirm; and, second, that no subscription of the stock, coupled with an agreement to pay the amount subscribed, is valid, unless made on the commissioners’ books—refused to give the said instructions, or either of them, to the jury.
To which opinion of the court the defendant excepted.
This court is of -opinion that the circuit court did not err in refusing to give the said instructions or either of them to the jury, and that the reasons assigned by the said court for such.refusal are well founded.
7. It is stated in the 7th and last bill of exceptions, that upon the trial of the issue joined upon this motion, the counsel for the plaintiff moved the court to instruct the jury as follows, to wit:
1st. The jury are instructed that the paper in the words and figures following, to wit:
Subscription to the stock of the Valley Railroad Company (see bill of exception No. 2, ante, for subscription paper and endorsement here referred to) is a contract of subscription by the defendant to the stock of the Valley Railroad Company for five shares of said stock at §100 per share.
2d. That the said contract of subscription could be released only by the stockholders of the company, or by the action of the board of directors, duly authorized so to do by the stockholders, and such release can be proved only by the records of the company.
3d. That if the jury shall believe from the evidence, that the defendant executed and delivered the paper set forth in the first instruction, and that it came into the custody of the Valley Railroad Company, and has been entered on its stock lists, and stock ledger, there being no *168 evidence from the records of said company of any order or resolution of said company releasing said subscription, the jury must find for the plaintiff.
Which said instructions and each of them were accordingly given by the court to the jury.
To which opinion of the court the defendant excepted.
This court is of opinion that the circuit court erred in giving said instructions to the jury. 1st. The paper referred to in the 1st of said instructions did not, in itself, constitute a contract of subscription by the defendant to the stock of the Valley Railroad Company for five shares of said stock at $100 per share. Whether a contract or not depended on its acceptance and the conduct of the parties. 2d. Though a contract of subscription could be released only by the stockholders of the company, or by the board of directors duly authorized so to do by the stockholders, yet such release can be proved not only by the records of the company, but also by other evidence showing that such subscription was in fact not regarded by the company as binding upon it, and that the subscriber was not regarded by himself or by the company as a stockholder thereof—and 3d. Though the defendant may have executed and delivered the paper set forth in the first instruction, and that it came into the custody of the Valley Railroad Company, and has been entered on its stock lists and ledger; and though there may be no evidence-from the records of said company, or of any order or resolution of said company releasing said subscription, yet it may have appeared from the evidence before the jury that the defendant was not a stockholder of the said company, or it may not have appeared from the said evidence that he was such a stockholder when said motion was-made or notice thereof given.
The court is therefore of opinion that the judgment, aforesaid is erroneous on the grounds aforesaid stated in the 5th and 7th bills of exception, and for those errors it. *169 be reversed and annulled; and the case be remanded to .... _ . . . the said circuit court tor a new trial to be had therein in conformity with the foregoing opinion.
Christian, J., dissented.
The judgment was as follows :
This cause was this day heard upon the transcript of the record of the judgment aforesaid and the arguments of counsel; and the court, having maturely considered the same, is of opinion, for reasons stated in writng and filed with the record, that the rulings of the said circuit court set forth in the fifth and seventh bills of exceptions in the record contained, are erroneous. Therefore, it is considered and ordered that, for reasons aforesaid, the said judgment be reversed and annulled; and that the plaintiff in error recover of the defendant in error his costs by him expended in the prosecution of his writ of error and supersedeas aforesaid here. And it is further considered and ordered that the case be remanded to the said circuit court for a new trial to be had therein; on which new trial the extracts mentioned and set forth in the said fifth bill of exceptions, if again offered to be given in evidence to the jury, be accordingly admitted as such evidence; and the instructions to the jury asked for, as mentioned in the said 7th bill of exceptions, if again asked for, on the same evidence substantially as on the former trial, be not given.
Judgment reversed.