## Richmond.

### KELLY v. BOARD OF PUBLIC WORKS.

#### February 10.

K was the agent of the board of public works of Virginia in constructing the railroad and Blue Ridge tunnel; the board to pay for work and materials, and K to receive a commission on the cost for his compensation. The board provided the money to pay for the work by a sale of State bonds; and these bonds having fallen below par, there was a deficiency of funds to pay the expenses, and K advanced his own funds to meet these expenses; he claiming that the board of public works had agreed to repay to him the advances he might make. In an action by K against the said board—HELD:

1. If there was an express or implied contract between K and the said board, that K should be paid for his advancements to carry on the work, he is entitled to recover in this action.

2. That such contract may exist and be binding on the board, although there is no entry of it upon the records of the board, and may be proved, as well as in other modes, by *parol* evidence that at a regular session of the board, a majority of the members being present, the plaintiff was told by a member of the board in the presence of the board then in session, that it was the wish of the board that he should advance the money necessary to make up the deficiency occasioned by the sale of the State bonds at less than par, for the prosecution of the work, and that the same should be refunded to him, which was then and there agreed to by the said K.

3. If these advances were made by K with the knowledge of the board, without objection on their part, and were applied so as to continue the work, which the board regarded as important to preserve valuable property of the State from loss, and the successful prosecution of the work, a contract on the part of the board to refund the money to K for the advances so made by him may thereby be implied, unless it be shown that K agreed to receive the State bonds at their par value in payment of the cost of the work *pro tanto*.

4. The right of the plaintiff to recover in this action is not affected by the question, whether the sale of said bonds under the direction of the board of public works was with or without authority of law, or in violation of law or not.

5. That declarations of members of the board made whilst the work was being carried on and the transactions took place which are the foundation of the plaintiff's claim, were competent evidence for the plaintiff as tending to show that the advances made by K from his own private means were made with the knowledge and approval and sanction of the board.

6. A corporation may now bind itself in any way that a natural person may bind himself.

7. K was a competent witness to prove his arrangement with the board, although two of its then members are dead. In a suit against a corporation, the plaintiff cannot be disqualified as a witness by the exceptions made, in section 22 of ch. 172, Code of 1873.

This was an action of assumpsit in the circuit court of the city of Richmond, brought by John Kelly, surviving partner of Kelly & Larguey, against the board of public works, to recover the sum of $10,491.97 with interest, which the plaintiff alleged Kelly & Larguey had advanced to the State in the construction of the railroad running through the Blue Ridge tunnel. Kelly & Larguey were employed to construct this part of the said railroad, including the tunnel through the Blue Ridge; the board of public works to pay all the expenses, and Kelly & Larguey to do the work and to be paid by a commission on its cost. In a previous suit they had recovered for the cost of materials and for their commissions; and, as before stated, this was for money they claimed to have advanced by the authority of the board of public works for the purpose of carrying on the works. This case was before in this court, and is reported, 25 Gratt. 755.

On the trial the defendant took several exceptions to rulings of the court; and when the evidence was submitted

to the jury both parties asked for instructions; but the court refused to give any of the instructions asked for, and gave one of its own; to which the plaintiff excepted.

There was a verdict for the defendant, and a motion for a new trial by the plaintiff, which was overruled; and an exception. And the court having rendered a judgment on the verdict, Kelly applied to a judge of this court for a writ of error and *supersedeas ;* which was awarded. The case is stated in the opinion of Judge *Anderson.*

*H. W. Sheffey* and *Ro. L. Parrish,* for the appellant.

*The Attorney-General,* for the appellee.

ANDERSON, J., delivered the opinion of the court.

This is the third time this cause has been brought to this court. The plaintiff's case is substantially that he and his deceased partner John Larguey were employed as agents of the board of public works to construct the Blue Ridge railroad tunnel. An account was to be kept, by a clerk to be employed by the board, of the actual cost of the work, which was to be paid by the board, and they were to receive a certain percentage on the cost for their services. That before the completion of the work the bonds of the State, upon the sale of which the board mainly relied to raise money to pay for the work, became much depreciated in market, and at the request of the board they, the said Kelly & Larguey, in order to continue the prosecution of the work, which was important to its success, advanced the money from their private means and resources, to the amount of $10,491.97, to meet losses upon the sale of the bonds, and which was necessary to pay for the work, upon assurances given to them by the board that the money so advanced should be refunded to them on the completion of

the work. The cost of the work and the percentage or commission to be allowed Kelly & Larguey have been settled, and the plaintiff only claims the advances made for the board of public works, amounting to $10,491.97, with interest thereon. There was a judgment for the defendants, which was brought to this court upon a writ of error and reversed, and the cause was remanded for further proceedings. The only points decided by the appellate court were that the action would lie against the board of public works; that the declaration was good in all its counts, and that the court erred in sustaining the demurrer to any of the counts; that the judgment of the circuit court of Richmond, rendered on the 5th of June, 1860, between the same parties, which was given in evidence, did not embrace the claim asserted by the plaintiff in this suit, and that it was error to exclude the *parol* evidence offered by the plaintiff to show that it was not included in said judgment, and that the instruction given by the court to the jury that said judgment was a bar to any recovery by the plaintiff in this action, was erroneous. These were all the points made in argument or considered and decided by the appellate court in the cause as it was then before it.

Upon the second trial the court gave judgment for the plaintiff, to which judgment the defendant obtained a writ of error to this court upon an exception to the ruling of the court in admitting as evidence on the trial the report of the board of public works to the legislature, upon which the plaintiff relied as admission of facts to establish his claim and of his right to recover. This court was of opinion and so held (the question not having been raised upon the record and no objection made by the counsel to the reading of said report in evidence when the case was first before it) that the said report was not admissible as evidence for that purpose, and that it was error in the ruling of the court permitting it to go to the jury as

evidence; and upon that ground reversed the judgment. But as the plaintiff had evidently gone into the trial relying upon said report as establishing his claim, and consequently deeming it unnecessary to introduce other evidence, and that under the circumstances to render a final judgment against him might work great injustice, it deemed it right and proper that he should have an opportunity of establishing his claim by legal testimony, and did not enter final judgment against him, as it might have done, the judgment of the court below having been rendered without the intervention of a jury, but remanded the cause for further proceedings to be had therein.

Upon the third trial the plaintiff introduced other and additional testimony in support of his claim, and the cause was submitted to the jury upon an instruction given by the court in lieu of instructions which were asked for by the plaintiff, and the instructions which were moved by the defendant, which is as follows: "If the jury shall believe from the evidence that Kelly & Larguey received from the board of public works on November 18, 1858, a warrant upon the treasury for the sum of $42,072.86 on account of estimates No. 60, 62, 70, 72, 75, 76, 77, and final estimate No. 78, and subsequently a check from the treasurer upon the Exchange Bank for the amount thereof, the jury are instructed that they should find for the defendants, notwithstanding that the jury may believe that the plaintiffs did not receive on account of some other of their monthly estimates the full amount thereof in money, but only the proceeds of State bonds of the face value of such estimates sold with their knowledge and consent, under authority of the board, for less than par, and although the jury may further believe that such proceeds were received by the plaintiff, with the expectation of subsequent payment from the board of the amount of loss sustained by such sale, induced by promises of the members of the board, made to the plaintiff Kelly, while the board was in regular session."

To the action of the court in refusing to give the plaintiff's instructions, and in giving the foregoing instruction, the plaintiff by his counsel excepted, and prayed that his bill of exceptions be signed and sealed by the court, and made a part of the record; which was done.

Upon the foregoing instructions the jury rendered a verdict for the defendant, which the plaintiff moved the court to set aside, upon the ground that it was contrary to the law and the evidence, and to grant him a new trial. But the court overruled his motion, and entered judgment for the defendant; to which ruling of the court the plaintiff excepted; and the court certified that all the evidence introduced to the jury upon the trial is properly set out in the plaintiff's first bill of exceptions. And the cause is brought here again upon a writ of error and *supersedeas* to said judgment, but in a very different aspect from that which it wore when it was last before us.

The court is of opinion that it is shown by the evidence certified, that Kelly & Larguey were carrying on the work of the Blue Ridge tunnel and its approaches, as agents of the board of public works, and not as contractors; that they were not liable for the cost of the work, or any part thereof, all of which was to be borne by the board, they only receiving as a compensation for their services a commission on the cost of disbursements. And the court is of opinion, that if in the prosecution of the work, the said agents expended their own money in paying for labor and material, or supplies and other necessary expenses in prosecuting the work, or to make good any deficiency in funds furnished by the board to carry on the work, occasioned by the sale of State bonds for less than par, pursuant to an implied or express contract with the board, that such advances should be refunded to them, and they are entitled to recover the same in this action.

And the court is of opinion that such contract may exist

and be binding on the board, although there is no entry of it upon the records of the board, and may be proved, as well as in other modes, by parol evidence, that at a regular session of the board—a majority of the members being present—the plaintiff was told by a member of the board, in the presence of the board then in session, that it was the wish of the board that he and Larguey should advance the money necessary to make up the deficiency occasioned by the sale of State bonds for less than par, for the prosecution of the work, and that the same should be refunded to them, which was then and there agreed to by the said Kelly; that the court is of opinion such evidence is proper as tending to show an express contract by the board of public works in its official character.

The court is also of opinion that if it be shown by the testimony that Kelly & Larguey, agents of the board of public works, advanced their own money to supply a deficiency of the funds furnished by the board to carry on the work, occasioned by the sale of State bonds which were furnished for that purpose for less than par, and that such advances were made with the knowledge of the board without objection on their part, and were applied so as to continue the work, which the board regarded as important to preserve valuable property of the State from loss and the successful prosecution of the work, a contract on the part of the board to refund the money to the said Kelly & Larguey for the advances so made by them may thereby be implied, unless it be shown that they agreed to receive the State bonds at their face or par value in payment of the cost of the work *pro tanto.*

The court is further of opinion that this right of the plaintiff to recover in this action is not affected by the question whether the sale of said bonds under the direction of the board of public works was with or without authority of law, or in violation of law or not; which need not therefore be decided in this case.

The court is further of opinion that declarations of members of the board, made at the time the work was being carried on, and the transactions took place, which are the foundation of the plaintiff's claim, were competent evidence as tending to show that the advances made by Kelly & Larguey from their own private means were made with the knowledge, approval and sanction of the board.

And the court being of opinion that the instruction given by the court, before recited, as they understand it, and as it might have been and probably was understood by the jury, is inconsistent with the declaration of principles as hereinbefore made, and ignores the fact that the said Kelly & Larguey were mere agents of the board in the transactions under consideration, and were not responsible for the costs of the work beyond the amount actually furnished them by the board for the payment thereof, which is an important element in resolving the question of the plaintiff's right to recover, the court is of opinion that the said instruction does not clearly and accurately state the law upon which the rights of the plaintiff and the obligations of the defendant as involved in this cause should be determined, and ought not to have been given to the jury.

The court deems it unnecessary, after the foregoing declaration of the principles upon which the case should be decided, to notice more particularly the instructions tendered either by the plaintiff's or the defendant's counsel. But will notice specially the exception No. 2 of the defendant to the rulings of the court below.

As to the first proposition in that bill of exceptions, that the board of public works could only speak through its records, we have already intimated our opinion. Such a doctrine may have formerly prevailed. But since the vast extension that has been given to commerce, and since the commercial and manufacturing interests of the world are managed and administered through the agency, for the

most part, of corporations, the law has been otherwise, and now a corporation may bind itself in any way that a natural person may bind himself. Angell & Ames on Corporations, § 219, also § 379 ; Minor's Institutes, 2 Edition, vol. 1, p. 558 ; *Bank of Columbia* v. *Patterson's Adm'r*, 7 Cranch R. 299; *Bank of United States* v. *Dandridge*, 12 Wheat. R. 64; *U. S.* v. *Fillebrown*, 7 Peters R. 28 ; *Supervisors* v. *Schenck*, 5 Wall. U. S. R. 772; *Stuart* v. *Valley Railroad Company*, 32 Gratt. 146.

In *Eureka Company* v. *Bailey*, 11 Wall. U. S. R. 488, it was held that no resolution or order in writing was necessary to bind a corporation. The court did not, therefore, err in overruling the defendant's objection to the question propounded to the witness as to what was agreed between him and the board of public works and the members thereof, acting, of course, under the direction and authority of the board, in relation to making good to him, or Kelly & Larguey, the loss sustained upon the sale of State bonds, and permitting the question to be asked the witness.

The second proposition contained in this exception is that John Kelly was incompetent to testify, because of the death of two members of the board.

By § 21, ch. 172 of Code of 1873, p. 1109, it is provided that no witness shall be incompetent to testify because of interest, and no one is disqualified to be a witness by being a party to the suit, unless he is within one of the exceptions contained in the next section. It is contended by the learned counsel of the defendant that this case falls within the exception that "where one of the original parties to the contract, or the transaction which is the subject of the investigation, is dead or insane, or incompetent to testify by reason of infamy, or any other legal cause, the other party shall not be admitted to testify in his own favor," &c. The board of public works, the party defendant being a corporation, is incapable of testifying, but is not dead or insane or incompetent to testify by reason of infamy, or

any other legal cause; but because it is an artificial person—a legal entity—existing only in contemplation of law, but invested by the law of its creation with the attributes of suing or being sued, but is utterly incapable of the status or conditions expressed in the statute as a disqualification of the other party to testify in his own favor. It is, therefore, impossible that when a corporation is one of the parties, to a suit, that the case can fall within the exception of the statute to the competency of the other party to testify in his own behalf.

In this case John Kelly, the plaintiff, is competent to testify in his own behalf by the general provision of the statute, and his case not falling within any of the exceptions, his competency is unaffected by them. The members of the board who are dead were not parties to the suit, had no interest in it, and although they may have been agents of the defendant corporation, in its transactions with the plaintiff, if the defendant were a natural person, and the transaction, which was the subject matter of the suit, had been between his agents and the plaintiff, and in the absence of the defendant, who had no personal knowledge of what transpired, the death of his agents, the defendant living, could not render the plaintiff incompetent to testify in his behalf. Neither could the death of the agents of the defendant corporation render the plaintiff incompetent to testify. We think there was no error in the judgment of the circuit court overruling the defendant's objection to the competency of the plaintiff to testify. Nor, in the opinion of the court, is there error in the rulings of the circuit court excepted to by the defendant in exceptions No. 1, 3, 4, and 5. But the court is of opinion that the instruction given by the court to the jury is erroneous, and for that cause the judgment must be reversed and the cause remanded to the circuit court for further proceedings to be had therein, in conformity with the principles declared in this opinion.

Kelly v. Board of Public Works.

The judgment was as follows :

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is error in the instructions given by the circuit court to the jury, and its refusing to grant the plaintiff a new trial, and in rendering judgment against the plaintiff.

It is therefore considered by the court that the said judgment be reversed and annulled, the verdict of the jury set aside, and the plaintiff granted a new trial.

JUDGMENT REVERSED.